**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| NICOLE K. and ROMAN S., by next friend Linda R.; ABIGAIL R., LILY R., and RACHEL H., by next friend Nancy B.; and ANNA C., BRIAN P., AMELIA P., ALEXA C., and ZACHARY H., by next friend Jessie R.; for themselves and those similarly situated, | Case No.: 1:19-cv-01521-JPH-MJD |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | Honorable James Patrick Hanlon |
| TERRY J. STIGDON, Director of the Indiana Department of Child Services, in her official capacity, HON. MARILYN A. MOORES, Marion Superior Court Judge, in her official capacity, HON. MARK A. JONES, Marion Superior Court Judge, in his official capacity, HON. THOMAS P. STEFANIAK, JR., Lake Superior Court Judge, in his official capacity, HON. MARSHA OWENS HOWSER, Scott Superior Court Judge, in her official capacity, and HON. JASON M. MOUNT, Scott Circuit Court Judge, in his official capacity, | |
| Defendants. | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO DISMISS</u>**

## I.     DEFENDANTS' RELIANCE ON THE N.D. ILL. *GARCIA* CASE IS MISPLACED

Defendants assert that the recently decided *Garcia v. Fox*, No. 18-CV-04205, 2019 WL 2371718 (N.D. Ill. June 5, 2019) supports *Younger* abstention in this case.  Defendants are wrong, for at least three reasons.

First, *Garcia* does not even cite the landmark U.S. Supreme Court case that narrowed the scope of *Younger* abstention: *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).  In *Sprint*, the Supreme Court limited *Younger* abstention to three "exceptional" categories of parallel state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; (3) and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint*, 571 U.S. at 73 (citing *NOPSI*, 491 U.S. at 367-68).  *Garcia* fails to explain how its *Younger* abstention holding is consistent with this controlling *Sprint* framework, and Defendants never explain why *Garcia* should be followed despite its failure to address the *Sprint* limitations on *Younger* abstention.

Second, Defendants rely on the fact that in *Garcia*, "the plaintiffs sought relief that overlapped with issues in a juvenile court case."  (*See* Defendants' Reply, ECF No. 77 ("Reply") at 8.)  But that line of thinking was specifically rejected by the Supreme Court in *Sprint*, which held that *Younger* "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter."  *Sprint*, 571 U.S. at 72.  (*See* Plaintiffs' Opposition, ECF No. 67 ("Opp.") at 20.)

Third, even if overlapping issues, or the "same subject matter" in state and federal courts were enough to trigger *Younger* abstention, such overlap is not present here.  Unlike *Garcia*, this case does not address the same subject matter as the underlying state court proceedings.  The

plaintiff in *Garcia* filed the action in federal court after the state court judge entered an order "for permanent substitute care pending a hearing on the termination of parental rights." *Garcia*, 2019 WL 2371718, at *1. The plaintiff, apparently dissatisfied with the state court's order, sought relief in federal court on the same subject matter. *Id.* at *1, *2 ("The Court cannot exercise jurisdiction over allegations that overlap with the ongoing juvenile court proceedings."). This case, by contrast, addresses a procedural issue—the appointment of counsel—in CHINS and TPR proceedings, not a challenge to the merits or outcome of any individual state court proceeding, as in *Garcia*. Thus, Plaintiffs do not seek to litigate issues in this Court that overlap with any state court proceedings. Moreover, unlike *Garcia*, this case is a class action that seeks systemic relief regarding procedural constitutional violations, which courts have recognized is a proper use of federal court jurisdiction. *See, e.g.*, *M.D. v. Perry*, 799 F. Supp. 2d 712, 722-23 (S.D. Tex. 2011) (denying *Younger* motion to dismiss and noting that "[e]ven though all foster children in a plaintiff class are involved in ongoing state dependency court proceedings, federal courts recognize that those dependency proceedings do not provide avenues for the kind of systemic, class-wide relief usually sought in federal civil rights actions.") (citation omitted).

## II.  CONCLUSION

The N.D. Ill. *Garcia* case is inapposite and does not change the *Younger* analysis presented in Plaintiffs' Opposition. (*See* Opp. at 20-22.) Because this case presents none of the circumstances the Supreme Court has deemed "exceptional," *Younger* abstention does not apply. *Sprint*, 571 U.S. at 73. For the reasons set forth above and in Plaintiffs' Opposition, Defendants' motion to dismiss should be denied.

Dated:  June 21, 2019             By:    /s/ *Stephen D. Keane*

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN  46205
Telephone: 317.920.0400
Facsimile: 317.920.0404
KDelaney@delaneylaw.net

Mark C. Zebrowski (*Pro Hac Vice*)
Stephen D. Keane (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California  92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
MZebrowski@mofo.com
SKeane@mofo.com

Robert C. Fellmeth (*Pro Hac Vice*)
CHILDREN'S ADVOCACY INSTITUTE
University of San Diego School of Law
5998 Alcala Park
San Diego, California  92110
Telephone: 619.260.4806
Facsimile: 619.260.4753
cpil@sandiego.edu

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that this PLAINTIFFS' SUR-REPLY IN OPPOSITION TO

DEFENDANTS' MOTION TO DISMISS was filed electronically on June 21, 2019, and

was simultaneously served on all counsel who have appeared in this matter through the Court's

ECF system.

<em>/s/ Stephen D. Keane</em>

Attorney for Plaintiffs