UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICOLE K. by next friend Linda R.; for themselves and those similarly situated, ABIGAIL R. by next friend Nancy B.; for themselves and those similarly situated, ANNA C. by next friend Jessie R.; for themselves and those similarly situated,, ROMAN S. by next friend Linda R.; for themselves and those similarly situated, LILY R. by next friend Nancy B.; for themselves and those similarly situated, RACHEL H. by next friend Nancy B.; for themselves and those similarly situated, BRIAN P. by next friend Jessie R.; for themselves and those similarly situated, AMELIA P. by next friend Jessie R.; for themselves and those similarly situated, ALEXA C. by next friend Jessie R.; for themselves and those similarly situated, ZACHARY H. by next friend Jessie R.; for themselves and those similarly situated, | |
| Plaintiffs, | |
| v. | No. 1:19-cv-01521-JPH-MJD |
| TERRY J. STIGDON Director of the Indiana Department of Child Services in her official capacity, MARILYN A. MOORES Honorable, Marion Superior Court Judge, in her official capacity, MARK A. JONES Honorable, Marion Superior Court Judge, in his official capacity, THOMAS P. STEFANIAK, JR. Honorable, Lake Superior Court Jude, in his official capacity, MARSHA OWEN HOWSER Honorable, Scott Superior Court Judge, in her official capacity, JASON M. MOUNT Honorable, Scott Circuit Court Judge, in his official | |

| capacity, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This case was brought by several minors who are involved in Child in Need of Services ("CHINS") proceedings pending in state courts in Marion, Scott, and Lake counties, Indiana. Plaintiffs allege that because they were not appointed counsel to represent them in their CHINS cases, the Director of the Indiana Department of Child Services and state judges in those counties caused the deprivation of their liberty interests without due process. *See* dkt. 40. Defendants have filed a motion to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Dkt. [59]. Important state interests presented in CHINS proceedings require the Court to abstain under the doctrine of *Younger v. Harris*, so Defendants' motion is **GRANTED**.

## I.
## Facts and Background

Because Defendants have moved for dismissal under Rule 12(b)(1) and 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011); *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.,* 548 F.3d 516, 519 (7th Cir. 2008).

Plaintiffs are ten children involved in Indiana CHINS proceedings. N.K. and R.S. live with a foster parent in Marion County and have been designated CHINS by the Marion Superior Court. Dkt. 40 at 13. A.R., L.R., and R.H. live

2

with a foster parent in Lake County and have been designated CHINS by the Lake Superior Court. *Id.* at 15. An.C., B.P., A.P., Al.C., and Z.H. are in foster care in Scott County and have been designated CHINS by the Scott Superior Court. *Id.* at 18.

Plaintiffs are not represented by counsel in their pending CHINS proceedings. *Id.* at 14, 17, 21. Under Indiana law, appointment of counsel for children in CHINS proceedings is discretionary. *Id.* at 26 (citing Ind. Code § 31-32-4-2(b)). The Indiana Department of Child Services ("DCS") can request that counsel be appointed, but in practice it does not do so. *Id.* at 27. And courts presiding over CHINS proceedings rarely appoint counsel. *Id.* at 29–32. In the Marion Superior Court, Lake Superior Court, and Scott Superior and Circuit Courts, counsel is appointed for children in CHINS proceedings in less than 10% of cases. *Id.*

Plaintiffs have sued Terry Stigdon, the Director of DCS; Marilyn Moores and Mark Jones, judges and co-heads of the Marion Superior Court Juvenile Division; Thomas Stefaniak, Jr., judge of the Lake Superior Court Juvenile Division; Marsha Howser, judge of the Scott Superior Court; and Jason Mount, judge of the Scott Circuit Court. Plaintiffs allege that Defendants violated the Fourteenth Amendment equal protection and due process rights "of children in dependency proceedings by failing to provide counsel to those children." *Id.* at 4, 34–35. They seek declaratory and injunctive relief, including: (1) a declaration that Ind. Code § 31-32-4-2(b) is unconstitutional on its face and as applied to Plaintiffs; (2) a declaration that Defendants have unconstitutionally

3

caused Plaintiffs to have no attorney representation in CHINS and termination of parental rights proceedings; and (3) an injunction requiring the appointment of counsel to Plaintiffs. *Id.* at 36.

Defendants have filed a motion to dismiss this case for lack of jurisdiction and for failure to state a claim upon which relief can be granted, arguing that this case should be dismissed for several reasons, including the *Younger* abstention doctrine. Dkt. 59.[1]

## II.
## Applicable Law

A motion to dismiss on abstention grounds fits best under Federal Rule of Civil Procedure 12(b)(1). *Nadzhafaliyev v. Hardy*, No. 17 C 4469, 2019 WL 4138996 at *3 (N.D. Ill. Aug. 29, 2019). The Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiffs' favor. *Scott Air Force Base,* 548 F.3d at 519.

## III.
## Analysis

Defendants argue this case should be dismissed under the *Younger* abstention doctrine because Indiana trial courts are able to address Plaintiffs' constitutional claims in the pending CHINS proceedings. Dkt. 60 at 18–19. Plaintiffs respond that *Younger* abstention is improper because this case does not involve the same subject matter as the CHINS cases and because it does not fit into any of the three exceptional categories to which the Supreme Court

---

[1] Plaintiffs' unopposed motion for leave to file a surreply is **GRANTED**. Dkt. [80].

has limited *Younger*'s application. Dkt. 67 at 26–27 (relying on *Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

### A. *Younger* Abstention

A federal court's obligation to hear and decide a case within its jurisdiction is "virtually unflagging." *Sprint*, 571 U.S. at 78. An exception to this rule, the *Younger* abstention doctrine, requires federal courts to abstain from deciding cases when the federal claims can be raised in state court and "the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 78; *see Younger v. Harris*, 401 U.S. 37 (1971). Abstention in these circumstances is required by comity and federalism; specifically, "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) ("*NOPSI*") (quoting *Younger*, 401 U.S. at 44).

Because *Younger* abstention is an exception to the rule that a federal court must hear and decide cases within its jurisdiction, the doctrine applies in only three "exceptional" categories. *Sprint*, 571 U.S. at 78; *see NOPSI*, 491 U.S. at 368. They are when federal involvement would intrude into (1) state criminal prosecutions, (2) quasi-criminal civil enforcement proceedings, or (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the

5

state courts' ability to perform their judicial functions." *Id.* Defendants argue that this case falls into *Sprint*'s second and third categories, and that abstention is appropriate under both pre- and post-*Sprint* case law. Dkt. 77 at 6–9. Plaintiffs respond that *Sprint* "narrowed the scope of *Younger* abstention," and that this case does not fall into any of *Sprint*'s categories. Dkt. 80-1 at 2; dkt. 67 at 27.

*Sprint* is not the narrowing that Plaintiffs imagine. In *Sprint*, the Supreme Court merely held that *Younger* abstention is limited to the categories identified by the Court in *NOPSI* thirty years ago—it did not remove or narrow those categories. *Sprint,* 571 U.S. at 78 (holding that "in accord with" prior cases, the three categories "define *Younger*'s scope"); *NOPSI*, 491 U.S. at 368 (identifying the three exceptional categories "after surveying prior decisions").

### B. Plaintiffs' CHINS proceedings are state quasi-criminal enforcement proceedings.

The exercise of federal jurisdiction here would intrude into state quasi-criminal civil enforcement proceedings. The Supreme Court and Seventh Circuit have consistently found that *Younger* abstention applies in similar quasi-criminal contexts. In *Moore v. Sims*, for example, parents brought a federal constitutional challenge to Texas's child-custody framework after one of their children was taken into custody because of an abuse report. 442 U.S. 415, 419–21 (1979). The Supreme Court held that because of the important state interests and quasi-criminal context of the pending state-court custody proceedings, *Younger* abstention applied. *Id.* at 423. In *Sprint*, the Court cited

*Moore* to explain that a "state-initiated proceeding to gain custody of children allegedly abused by their parents" is a quasi-criminal proceeding that triggers *Younger* abstention. 571 U.S. at 79.

Plaintiffs argue that the state CHINS proceedings are not quasi-criminal because the purpose is not to punish parents, and parents cannot be incarcerated, put on probation, or even fined. Dkt. 67 at 27. But in *Brunken v. Lance*, the Seventh Circuit reversed a district court's decision not to abstain under *Younger* from a federal challenge to a pending Illinois child-custody case. 807 F.2d 1325, 1330–31 (7th Cir. 1986). The court emphasized the similarities to a criminal proceeding, including that the state is heavily involved in the proceedings and prosecutes "its very strong interest in the health and welfare of the child." *Id.* These same interests are at the core of Indiana's child-welfare system. As the Indiana Supreme Court recently emphasized, nothing less than the "fundamental right" of parents to raise their children is at stake. *In re Ma.H.*, 134 N.E.3d 41, 44–46 (Ind. 2019). Moreover, CHINS and termination of parental rights proceedings "can implicate a parent in criminal activity," so trial courts presiding over those cases "must remain conscientious of possible criminal implications and safeguard a parent's constitutional rights." *Id.*

### C. Addressing the constitutional issue here would intrude on Indiana's child-welfare framework.

As the Seventh Circuit recently said, important state interests require "federal court[s] [to] abstain" under *Younger* "from resolving isolated legal issues that might matter" to pending state child-welfare or child-custody

proceedings. *Milchtein v. Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018). Because of its compelling interest in child health and welfare, *Brunken*, 807 F.2d at 1330, the state must "encourage and support the integrity and stability of an existing family environment and relationship" throughout a CHINS proceeding, *In re K.D.*, 962 N.E.2d 1249, 1258 (Ind. 2012). The constitutional issue here—whether children in CHINS proceedings are entitled to counsel—is therefore one piece of a much larger and integrated child-welfare framework. The cost of a *federal* court's interference in that *state* system "militate[s] in favor of abstention." *Moore,* 442 U.S. at 427.

Plaintiffs nevertheless argue this case does not involve the same subject matter as the pending CHINS proceedings because the appointment of counsel is a procedural issue that does not go to the outcome or merits of the CHINS proceedings. Dkt. 67 at 26. But the entire premise of Plaintiffs' case is that not having counsel in a CHINS proceeding is what caused their loss of liberty interests. *See* dkt. 40 ¶ 1; dkt. 67 at 14–15. Moreover, as explained above, even "isolated legal issues" that might matter to pending state child-welfare or child-custody proceedings trigger *Younger*. *Milchtein,* 880 F.3d at 898–99. Similarly, the Supreme Court's decision in *Kowalski v. Tesmer* teaches that "ancillary challenges" implicate *Younger* abstention. 543 U.S. 125 (2004). *Kowalski* involved a federal challenge to a Michigan law that allowed state courts not to appoint counsel for a criminal appeal after a guilty plea. *Id.* at 127. The Supreme Court said that the criminal-defendant plaintiffs could not circumvent *Younger* by raising the "ancillary" right-to-counsel issue in federal

8

court. *Id.* at 133. Since the appointment of counsel implicated *Younger* in *Kowalski*, it does here too.

### D. Plaintiffs have not shown they cannot raise their federal claims in their state-court CHINS proceedings.

For the reasons above, *Younger* abstention is appropriate here so long as Plaintiffs had the opportunity to present their federal claims in the state proceedings. *See Moore,* 442 U.S. at 425 (citing *Juidice v. Vail,* 430 U.S. 327, 337 (1977)). Plaintiffs argue that they did not have that opportunity, dkt. 67 at 27 n.2, but they fail to carry their burden of proving it, *see Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 (1987) (citing *Moore,* 442 U.S. at 432). Plaintiffs do not identify any legal barrier to raising their claims in their CHINS proceedings. *See Moore,* 442 U.S. at 426 ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."). And they have not alleged or argued that they tried to raise these claims there. *See Pennzoil,* 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). The Southern District of Texas case cited by Plaintiffs, *M.D. v. Perry,* 799 F. Supp. 2d 712, 721 (S.D. Tex. 2011), does not relieve Plaintiffs of their obligation to try to raise their constitutional claim in the CHINS proceeding or explain why they cannot do so. In *M.D.,* the court found that the "limited state court review hearings" that Texas provided in foster-care cases did not provide an adequate opportunity to raise complex

9

federal constitutional challenges. *Id.* Plaintiffs do not argue that Indiana's CHINS proceedings are similarly limited.

In sum, Plaintiffs have not shown that they cannot raise their federal constitutional challenges in their pending CHINS cases. Exercising federal jurisdiction over this case therefore presents the same danger as in *Kowalski*: "unnecessary conflict between the federal and state courts" and "confusion among [Indiana] judges attempting to implement . . . conflicting commands." 543 U.S. at 133 n.4. The better path—since Indiana courts are competent to adjudicate these federal constitutional claims—is to leave the integrated CHINS framework to the Indiana courts. *Moore*, 442 U.S. at 430; *Milchtein*, 880 F.3d at 899.[2] Plaintiffs should therefore raise their claim in state court and, if necessary, follow the state appellate process. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (citing *NOPSI*, 491 U.S. at 369; *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)).

Therefore, this case is **DISMISSED without prejudice**. *See Moses v. Kenosha County*, 826 F.2d 708, 710 (7th Cir. 1987) (*Younger* abstention

---

[2] In a footnote in their response brief and in one sentence in their surreply, Plaintiffs hint that this Court should not abstain under *Younger* because they are seeking class relief. Dkt. 67 at 27 n.2; dkt. 80-1 at 3. But underdeveloped arguments are waived. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 624–25 (7th Cir. 2010). Notwithstanding waiver, Plaintiffs cite only *M.D.*, 799 F. Supp. 2d 712, in support. There, the Southern District of Texas declined to abstain under *Younger* in part because Plaintiffs sought "broad-based," "overarching systemic," and "wide-ranging" class relief. *Id.* at 721–22; *see M.D. v. Perry*, No. C-11-84, 2011 WL 2173673 (S.D. Tex. June 2, 2011) (certifying the class). This case is different because no class has been certified and Plaintiffs pursue one discrete constitutional theory—that the Fourteenth Amendment provides them a right to counsel in their CHINS proceedings—without explaining why that position cannot be sufficiently addressed by the state courts presiding over the CHINS proceedings.

10

"require[s] the district court to dismiss all claims without prejudice to the plaintiff's right to raise the same contentions in a state tribunal").[3]

## IV.
## Conclusion

Defendants' motion to dismiss is **GRANTED**. Dkt. [59]. Plaintiffs' motion for class certification is **DENIED as moot**. Dkt. [43]. This case is **DISMISSED**; final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 3/3/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Annavieve C. Conklin
DELANEY & DELANEY LLC
ACONKLIN@DELANEYLAW.NET

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Robert C. Fellmeth
CHILDREN'S ADVOCACY INSTITUTE
cpil@sandiego.edu

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

---

[3] Because *Younger* abstention applies, the Court does not consider Defendants' other arguments for dismissal, including that Plaintiffs lack standing. *See* dkt. 60; *Tenet v. Doe,* 544 U.S. 1, 6 n.4 (2005) (recognizing that *Younger* abstention "may be resolved before addressing jurisdiction").

11

Stephen D. Keane
MORRISON & FOERSTER LLP
skeane@mofo.com

Stephanie V. McGowan
FROST BROWN TODD LLC (Indianapolis)
smcgowan@fbtlaw.com

Diana Lynn Moers
INDIANA ATTORNEY GENERAL
diana.moers@atg.in.gov

Anthony W. Overholt
FROST BROWN TODD LLC (Indianapolis)
aoverholt@fbtlaw.com

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov

Robert Austin Rowlett
INDIANA ATTORNEY GENERAL
Robert.Rowlett@atg.in.gov

Mark C. Zebrowski
MORRISON & FOERSTER LLP
mzebrowski@mofo.com